CLERKS OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED

October 14, 2025

LAURA A. AUSTIN, CLERK
BY: s/ FELICIA CLARK
     DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **BRIDGET PRESTON,** | ) |
| | ) |
| Plaintiff, | ) Case No. 1:25CV00026 |
| | ) |
| v. | ) **OPINION AND ORDER** |
| | ) |
| **JESSICA WILLIAMS, ET AL.** | ) JUDGE JAMES P. JONES |
| | ) |
| Defendants. | ) |

*Daniel J. Martin*, FISHWICK & ASSOCIATES PLC, Roanoke, Virginia, for Plaintiff; *Michael W. Sharp*, SHARP LITIGATION PLC, Harrisonburg, Virginia, for Defendant Jessica Williams.

Plaintiff Bridget Preston asserts in this lawsuit, among other claims, that defendant Jessica Williams violated Va. Code Ann. § 18.2-60.3(A) by stalking her, thus justifying an award of civil damages pursuant to Va. Code Ann. § 8.01-42.3(A).[1]  Williams has filed a Partial Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) as to Preston's claim for stalking.  For the reasons that follow, Williams' Motion will be denied.

---

[1] The Court has subject-matter jurisdiction of a state law claim arising out of the same case or controversy of a federal claim asserted.  28 U.S.C. § 1367(a).  Preston also asserts a constitutional claim under 42 U.S.C. § 1983 against a local police officer who allegedly conspired with Williams to violate Preston's rights.  While the merits of a state law claim are determined by state law, the sufficiency of the pleading of the claim is decided under federal procedural law.

I. FACTS.

The following facts are alleged in the Complaint and must be taken as true for the purposes of this Partial Motion to Dismiss. Preston and Williams have daughters of similar ages and were both present at a sporting event where the girls were competing. Outside the event, Preston and Williams encountered each other, and Williams lunged at Preston, physically and verbally attacking her. Following the attack, Preston obtained an arrest warrant for assault and battery and an emergency protective order for her and her family against Williams. Williams was subsequently arrested. Once Williams was released, she filed a criminal complaint against Preston and contacted her friend, Morgan, a police officer with the Town of Marion. With Morgan's help, Williams allegedly attempted to obtain an arrest warrant for Preston on unfounded chargers.

Shortly thereafter, a judge of the Smyth County General District Court directed that Preston and Williams not have contact with each other or each other's families. Williams soon violated this order by coming within 50 feet of Preston's daughter on February 6, 9, and 12, 2024. Preston explains that Williams' conduct made her and her daughter afraid for their safety. Williams was later found guilty of misdemeanor assault and battery for her attack during the school sporting event.

In addition to approaching Preston's daughter, Williams also allegedly posted about Preston on social media. On July 9, 2024, Williams wrote a post insinuating

that Preston was not being "classy" or "Christian-like." She further addressed Preston, calling her "someone sick." Williams' post included screenshots of messages purportedly between Preston and Williams' husband.

## II. STANDARD OF REVIEW.

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a complaint to determine whether the plaintiff has properly stated a claim, but "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). In considering a Rule 12(b)(6) motion, a court must accept all factual allegations in the complaint as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

To survive a motion to dismiss, a complaint must contain "only enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible if the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and if there is "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

III.    SUFFICIENCY OF THE ALLEGATIONS.

Under Virginia law:

> Any person . . . who on more than one occasion engages in conduct . . . directed at another person with the intent to place, or when he knows or reasonably should know that the conduct places that other person in reasonable fear of death, criminal sexual assault, or bodily injury to that other person or to that other person's family or household member is guilty of a Class 1 misdemeanor.

Va. Code Ann. § 18.2-60.3(A). Although this statute pertains to a defendant's criminal liability, Va. Code Ann. § 8.01-42.3(A), permits a private individual subjected to conduct prohibited under section 18.2-60.3(A) to bring a civil action against their perpetrator.

The Virginia Supreme Court has clarified the prongs of the state stalking statute. They are: (1) the defendant directed their conduct toward the victim on more than one occasion; (2) the defendant intended to cause fear, knew, or should have known that the conduct would cause fear; and (3) the conduct caused the victim to be placed "in reasonable fear of death, criminal sexual assault, or bodily injury." *Stephens v. Rose*, 762 S.E.2d 758, 761 (Va. 2014) (quoting Va. Code Ann. § 18.2-60.3(A)).

Preston contends that Williams stalked her as described under the statute and brought a claim under Va. Code Ann. § 8.01-42.3. Williams responds that Preston failed to state a claim because she did not allege more than one instance of conduct that would reasonably place Preston in fear for her safety or the safety of her

– 4 –

daughter. Williams acknowledges her failure to maintain a 50-foot distance from Preston's daughter in February 2024, but she contends "[i]t is not plausible that merely being within fifty (50) feet of [Preston's] daughter, and nothing more, [] actually caused [Preston] to experience reasonable fear." Def. Williams' Partial Mot. Dismiss 2, Dkt. No. 8. Based on the facts alleged in Preston's complaint, I disagree.

As to the first prong, Preston has identified several incidents where Williams allegedly approached or came into contact with Preston's daughter. Preston does not offer detailed explanations of those encounters, but she provides dates and basic indications of three times where Williams violated the protective order by coming inappropriately close to her daughter. Virginia courts have considered conduct directed towards the plaintiff's family when evaluating stalking claims. *Stephens*, 762 S.E.2d at 761–62 (holding the defendant's contact with the plaintiff's parents, in addition to the defendant's attempts to communicate directly with the plaintiff, indicate the conduct was directed at the plaintiff). Further, Preston identifies social media content in which Williams publicized her opinions about Preston and allegedly exposed some of her text messages. This suggests that Williams was focused on Preston and her daughter and directing her behavior toward them. At the motion to dismiss stage, this is sufficient to establish that Williams directed conduct toward Preston and her daughter on more than one occasion.

Turning to the second prong, I find that Preston has sufficiently pled that Williams knew or should have known her conduct would cause fear. Prior to the incidents of contact with Preston's daughter, Williams had received prior notification — in the form of protective order — that she could not approach Preston or her family but still interacted with Preston's minor daughter. At the very least, Williams should have known that repeated violations of a protective order would feel threatening to Preston.

Finally, I find that Preston has satisfied the third prong requiring that a victim experience "reasonable fear of death, criminal sexual assault, or bodily injury." *Id*. at 761. Although there is no evidence suggesting that Preston feared death or sexual assault, it would be reasonable for Preston to fear bodily injury to herself or her daughter after the physical altercation she previously experienced with Williams. According to Preston, Williams was the aggressor in the initial fight and needed to be restrained by Williams' husband. Williams was also later found guilty of misdemeanor assault and battery for her conduct during that event. Repeated contact with Williams could leave Preston in fear of further bodily injury.

Accordingly, Preston has sufficiently stated a claim for stalking under Virginia law and her claim survives Williams' Partial Motion to Dismiss.

IV. CONCLUSION.

For the foregoing reasons, Williams' Partial Motion to Dismiss, Dkt. No. 8, is DENIED.

It is so **ORDERED**.

ENTER: October 14, 2025

/s/ JAMES P. JONES
Senior United States District Judge

-7-