CLERKS OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED

May 08, 2026

LAURA A. AUSTIN, CLERK
BY: s/ FELICIA CLARK
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION**

| | | |
|---|---|---|
| **BRIDGET PRESTON,** | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:25CV00026 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **JESSICA WILLIAMS, ET AL.,** | ) | JUDGE JAMES P. JONES |
| | ) | |
| Defendants. | ) | |

*Daniel J. Martin, FISHWICK & ASSOCIATES PLC, Roanoke, Virginia, for Plaintiff; Michael W. Sharp, SHARP LITIGATION PLC, Harrisonburg, Virginia, for Defendant Williams; Jason G. Moyers, HARMAN, CLAYTOR, CORRIGAN & WELLMAN, Roanoke, Virginia, for Defendant Morgan.*

Plaintiff Bridget Preston brought this action against defendants Jessica Williams and April Morgan under 42 U.S.C. § 1983 and Virginia state law. Preston alleges that Williams assaulted her. She further claims that Williams conspired with Morgan, a police officer, to obtain a baseless arrest warrant against her.

Defendants Williams and Morgan have each filed motions for summary judgment. Williams moves for summary judgment as to Count II (conspiracy for malicious prosecution under 42 U.S.C. § 1983); Count III (common law malicious prosecution for an assault and battery charge); and Count IV (common law malicious prosecution for a felony strangulation charge). Morgan moves for summary

judgment as to Count I (malicious prosecution under 42 U.S.C. § 1983); Count II (conspiracy for malicious prosecution under 42 U.S.C. § 1983); and Count IV (common law malicious prosecution). For the reasons that follow, Williams's motion has been granted in part and denied in part and Morgan's motion has been granted.[1]

## I. FACTS.

The facts from the summary judgment record are uncontested. Preston and Williams both had daughters who attended high school and played sports together. The girls experienced a falling out and the mothers then became hostile to one another. In January 2024, Preston and Williams separately attended a basketball game at a school in Wythe County, Virginia, and encountered each other in a hallway. A physical and verbal fight ensued.

Both Preston and Williams subsequently filed petitions for protective orders against each other in the General District Court in neighboring Smyth County. The court held an evidentiary hearing and heard testimony from several witnesses and issued a protective order against Preston.

In April 2024, the Wythe County General District Court found Williams guilty of misdemeanor assault and battery and dismissed the assault and battery

---

[1]  I announced my decision at the conclusion of the April 27, 2026, hearing, and advised the parties that I would later set forth my detailed findings in writing.

charge against Preston.  Williams received guidance from Morgan, a police officer for the Town of Marion in Smyth County, who Williams knew socially.  In August 2024, Williams submitted another criminal complaint against Preston, this time in the Smyth County General District Court, alleging felony strangulation in violation of Va. Code Ann. § 18.2-51.6.

Because the charge was a felony, it was necessary for a law enforcement officer to sign the complaint, which Officer Morgan did.  Preston was arrested on the felony strangulation charge shortly thereafter.  The warrant, however, was invalid, because the conduct at issue had occurred in Wythe County, not Smyth County and it was nolle prossed by the local prosecutor, citing the procedural deficiencies, insufficient evidence, and the prior adjudication of the assault and battery charge.

## II.  STANDARD OF REVIEW.

Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A fact is material if its existence or non-existence could result in a different jury verdict.  *JKC Holding Co. v. Wash. Sports Ventures, Inc.*, 264 F.3d 459, 465 (4th Cir. 2001).  When ruling on a summary judgment motion, the court should consider the parties' pleadings, depositions, answers to interrogatories, admissions on file, and affidavits.  *Celotex Corp. v. Catrett ex rel.*

*Estate of Catrett*, 477 U.S. 317, 322 (1986). "[T]he nonmoving party must rely on more than conclusory allegations, mere speculation, the building of one inference upon another, or the mere existence of a scintilla of evidence." *Johnson v. United Parcel Serv., Inc.*, 839 F. App'x 781, 783 (4th Cir. 2021) (unpublished) (quoting *Humphreys & Partners Architects, L.P. v. Lessard Design, Inc.*, 790 F.3d 532, 540 (4th Cir. 2015)).

"[C]ourts may not resolve genuine disputes of fact in favor of the party seeking summary judgment." *Tolan v. Cotton*, 572 U.S. 650, 656 (2014). "Summary judgment cannot be granted merely because the court believes that the movant will prevail if the action is tried on the merits." *Jacobs v. N.C. Admin. Off. of the Cts.*, 780 F.3d 562, 568 (4th Cir. 2015) (quoting 10A Wright & Miller's *Federal Practice and Procedure* § 2728 (3d ed. 1998)). The court may not assess credibility on a motion for summary judgment. *Id.* at 569.

### III. William's Motion for Summary Judgment.

#### A. Count II: Conspiracy for Malicious Prosecution under § 1983.

Williams moves for summary judgment as to Preston's claim that Williams conspired with Morgan to maliciously prosecute Preston. Although § 1983 by itself does not allow a plaintiff to bring a claim for malicious prosecution, this circuit has held that a plaintiff may file a malicious prosecution claim under § 1983 so long as it is properly grounded in a Fourth Amendment right. *Lambert v. Williams,* 223 F.3d

– 4 –

257, 260–62 (4th Cir. 2000) (acknowledging a circuit split on this point). The plaintiff's § 1983 claim here is based on an unreasonable seizure.

A malicious prosecution claim under § 1983 incorporates elements of the common-law tort and requires a plaintiff to show "that the defendant (1) caused (2) a seizure of the plaintiff pursuant to legal process unsupported by probable cause, and (3) criminal proceedings terminated in the plaintiff's favor." *Evans v. Chalmers*, 703 F.3d 636, 647 (4th Cir. 2012). In Virginia, probable cause in the context of a malicious prosecution action means "knowledge of such facts and circumstances to raise the belief in a reasonable mind, acting on those facts and circumstances, that the plaintiff is guilty of the crime of which he is suspected." *Bennett v. R&L Carriers Shared Servs., LLC*, 492 F. App'x 315, 324 (4th Cir. 2012) (unpublished) (citation omitted).

Because Williams is a private citizen, Preston's § 1983 claim against her hinges on an alleged conspiracy with Morgan, a public officer. To establish a conspiracy under § 1983, the plaintiff must show that the defendants (1) acted jointly in concert; (2) that some overt act was done in furtherance of the conspiracy; and (3) that it resulted in the deprivation of the plaintiff's constitutional right. *O.W. v. Carr*, 172 F.4th 337, 355 (4th Cir. 2026).

The uncontested facts show that Williams and Officer Morgan had a social relationship and that Officer Morgan assisted Williams with the process of obtaining

a warrant against Preston.  Officer Morgan also signed the criminal complaint as a law enforcement officer which enabled the issuance of the warrant.  Although this shows interaction between Williams and Morgan in the warrant process, it does not show sufficient evidence of a conspiracy.  There is no suggestion that Williams and Morgan discussed a plan to maliciously prosecute Preston or that they coordinated to obtain an unlawful warrant.

Williams and Morgan concede that Morgan was not authorized to sign a warrant for conduct that occurred in Wythe County.  But it does not appear that Williams and Morgan attempted to conceal the county at issue or disguise Morgan's status as an officer for the Town of Marion, in Smyth County.  Because of the lack of evidence that Williams conspired with Morgan, Williams's Motion for Summary Judgment as to Count II is granted.

*B.  Count III: Common Law Malicious Prosecution*
*of Assault and Battery Charge.*

Williams also moves for summary judgment as to Preston's claim for malicious prosecution of an assault and battery charge under state law.

In an action for malicious prosecution under Virginia common law, the plaintiff must show "that the prosecution was (1) malicious; (2) instituted by, or with the cooperation of, the defendant; (3) without probable cause; and (4) terminated in a manner not unfavorable to the plaintiff."  *Hudson v. Lanier,* 497 S.E.2d 471, 473 (Va. 1998).  Malicious prosecution claims are generally disfavored, because the law

favors the prosecution of crime, free from concerns of subsequent civil liability. *Reilly v. Shepherd,* 643 S.E.2d 216, 218–19 (Va. 2007).

Under Virginia law, "[t]he tort of assault consists of an act intended to cause either harmful or offensive contact with another person or apprehension of such contact, and that creates in that other person's mind a reasonable apprehension of an imminent battery." *Koffman ex rel Koffman v. Garnett*, 574 S.E.2d 258, 261 (Va. 2003). "The tort of battery is an unwanted touching which is neither consented to, excused, nor justified." *Id.* at 261. "[T]he quality of the act's offensiveness is judged by an objective standard, not by whether the plaintiff found the act offensive." *Balas v. Huntington Ingalls Indus., Inc.*, 711 F.3d 401, 411 (4th Cir. 2013) (citing Restatement (Second) of Torts § 18 (A.L.I. 1965)).

Williams argues that she is entitled to summary judgment on this claim because she had probable cause to believe that Preston had assaulted her. Preston claims that no probable cause existed because she only touched Williams in self-defense, which is not an unlawful touching. Preston also contends that the adjudications made at the hearing on the protective order did not assess whether Preston had assaulted or battered Williams and therefore do not indicate probable cause.

Although the parties agree that Preston made physical contact with Williams, the circumstances and motivations behind that contact are disputed. The video

evidence of the altercation shows Williams as the initial physical aggressor. But it lacks audio and therefore does not establish what words were exchanged. Because reasonable jurors could differ as to the nature of the contact Preston made with Williams, I do not find that summary judgment is appropriate here. It is up to the jury to determine whether these facts and circumstances would have led a reasonable person to believe that Preston was guilty of assault and battery. Accordingly, Williams's Motion for Summary Judgment as to Count III is denied.

### C.    Count IV: Common Law Malicious Prosecution of Felony Strangulation Charge.

Williams also moves for summary judgment as to Preston's claim for malicious prosecution for felony strangulation. Malicious prosecution for felony strangulation includes the same elements discussed above but applied to the offense of felony strangulation. Under Va. Code Ann. § 18.2-51.6(A), a person is guilty of strangulation if she "without consent, impedes the blood circulation or respiration of another person by knowingly, intentionally, and unlawfully applying pressure to the neck of such person resulting in the wounding or bodily injury of such person."

Preston opposes Williams's Motion for Summary Judgment as to this claim, arguing that no probable cause existed to prosecute her for felony strangulation. Specifically, Preston argues that she did not apply pressure to Williams's neck nor

impede her respiration. She notes that any testimony that Preston briefly choked Williams is contested and is not an independent judicial determination.

The video evidence of the altercation shows that the women encountered each other in a hallway before Williams jumped toward Preston, hitting her with her chest. Preston then appears to shove Williams away from her. The verbal exchange continued until bystanders moved Williams away. Preston and Williams did not have any more physical contact with each other after that point.

Based on this evidence, a reasonable jury could conclude that there was no probable cause to obtain an arrest warrant against Preston for felony strangulation. While Preston did make contact with Williams's upper body, there is little evidence to suggest that, in the brief encounter, Preston impeded Williams's blood circulation or respiration. Accordingly, Williams's Motion for Summary Judgment as to Count IV is denied.

### IV. Morgan's Motion for Summary Judgment.

#### A. Count I: Malicious Prosecution under § 1983; and Count II: Conspiracy under § 1983.

Morgan moves for summary judgment as to Preston's claims against her for malicious prosecution under § 1983 (Count I) and conspiracy for malicious prosecution under § 1983 (Count II). As stated above, a malicious prosecution claim under § 1983 requires a plaintiff to show "that the defendant (1) caused (2) a seizure

of the plaintiff pursuant to legal process unsupported by probable cause, and (3) criminal proceedings terminated in plaintiff's favor." *Evans*, 703 F.3d at 647.

Because Morgan is entitled to qualified immunity as to both § 1983 claims, I will grant summary judgment as to those claims. The doctrine of qualified immunity protects government officials from liability for civil damages where "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Qualified immunity is immunity from suit rather than merely immunity from liability, and a defendant asserting qualified immunity has the burden of proving the defense. *Meyers v. Balt. Cnty.*, 713 F.3d 723, 731 (4th Cir. 2013).

An officer is entitled to qualified immunity if the court finds that either: (1) the facts, taken in the light most favorable to the plaintiff, do not present the elements necessary to state a violation of a constitutional right; or (2) the right was not clearly established such that it would not have been "clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Henry v. Purnell*, 501 F.3d 374, 377 (4th Cir. 2007) (internal quotation marks and citation omitted); see *Pearson v. Callahan*, 555 U.S. 223, 236 (2009) (holding that court may determine which facet of qualified immunity analysis to consider first).

Morgan was not present during the altercation and thus did not have an independent understanding of its circumstances. Instead, she relied on the

information and evidence provided to her, including Williams's allegations that Preston had strangled her.  Based on the information provided to her by Williams and other witnesses, an absence of probable cause would not have been clear to a reasonable officer.  Further, as explained above, there is insufficient evidence of an agreement between Morgan and Williams to support a claim for conspiracy. Therefore, Morgan's Motion is granted as to Counts I and II.

### B.  *Count IV: Common Law Malicious Prosecution.*

Morgan argues that she is entitled to summary judgment as to Preston's common law malicious prosecution claim against her because Preston has not shown that Morgan acted with malice and because Morgan is entitled to sovereign immunity.  I agree.

First, malice has not been established because the record does not indicate that Morgan had any personal issue or motivation to cause Preston harm.  Preston concedes that she is unaware of any tension between herself and Morgan.  Preston also has not provided evidence that Morgan accompanied Williams to the magistrate's office for any reason other than to assist Williams with technical equipment.  Accordingly, Preston's malicious prosecution claim against Morgan fails.

Second, Morgan is entitled to sovereign immunity because she was acting in her capacity as an officer during the relevant events and Preston has not shown that

– 11 –

Morgan's error in signing the criminal complaint went beyond mere negligence. To determine whether sovereign immunity applies under Virginia law, courts apply a four-factor test. The factors are (1) the nature of the function performed; (2) the extent of the state's interest and involvement in the function; (3) the degree of control exercised by the state over the employee; and (4) whether the act complained of involved judgment and discretion. *Verry v. Barry*, No. 2005-7454, 2006 WL 2578368, at \*2 (Va. Cir. July 27, 2006) (citing *Messina v. Burden*, 321 S.E. 2d 657, 663 (Va. 1984)).

Here, Morgan was in court exercising a government function reserved for law enforcement purposes. Further, she was on duty and wearing her uniform when she signed the criminal complaint. Although Morgan admits that she did not have authority to sign a Wythe County warrant, she explains that it was a lapse in judgment due to personal circumstances and stress, rather than a deliberate attempt to skirt jurisdictional rules. Accordingly, Morgan's Motion for Summary Judgment is granted as to Count IV.

IV.    CONCLUSION.

For the foregoing reasons, Williams's Motion for Summary Judgment, ECF No. 28, is GRANTED in part and DENIED in part. Morgan's Motion for Summary Judgment, ECF No. 30, is GRANTED. Counts III and IV remain as to Williams.

The remaining counts are dismissed.  The Clerk shall terminate defendant Morgan

on the docket.[2]

ENTER:  May 8, 2026


/s/  JAMES P. JONES
Senior United States District Judge

---

[2]    Under 28 U.S.C. § 1367(c)(3), a district court may decline to exercise supplemental jurisdiction and has discretion to dismiss any remaining state claims without prejudice where, as here, it has dismissed all claims over which it has federal question jurisdiction.  In determining whether to continue to exercise supplemental jurisdiction, courts consider "the values of judicial economy, convenience, fairness, and comity." *City of Chicago v. Int'l Coll, of Surgeons*, 522 U.S. 156, 173 (1997) (internal quotation marks and citation omitted).  This case does not involve unsettled matters of state law or policy that would disturb principles of comity.  Regarding judicial economy, the issues here have been briefed extensively before this court.  Nor has any party asserted that this court's continued jurisdiction over the matter would result in undue inconvenience or unfairness, and none appears to the court.